Breitel, J. (concurring).
I agree entirely with the opinion of Judge Burke but, for the purpose of emphasizing the distinction that is often misapprehended at the Bar and by trial courts, I add the following comments.
In a proper case, circumstantial evidence of elevator door malfunction might be sufficient to permit the inference of negligent maintenance as to some mechanical device controlling the operation of the door over which only the defendant has control. The doctrine of res ipsa loquitur is only a species of the more general principle that circumstantial evidence of sufficient probative weight may permit the jury to find negligence (e.g., Griffon v. Manice, 166 N. Y. 188, 194-195; Prosser, Torts [4th ed.], at p. 212). Where the particular requirements of res ipsa are *499 not met, it may be appropriate to charge the more general doctrine. Thus, in Rogers v. Dorchester Assoc. (32 N Y 2d 553, decided herewith), it was held proper to charge that circumstantial evidence of elevator door malfunction allowed the jury to infer negligent maintenance of the intricate devices controlling the door. What is required for application of the more general doctrine is only that there be a sufficient degree of probability, from, the circumstances shown, including the circumstance, if present, of the defendant’s duty of maintenance and control over particular devices, to support the inference. In such an instance, the plaintiff may not have the burden, as he usually has in a negligence case, of establishing the precise cause of the malfunction.
Chief Judge Fuld and Judges Bbeitel, Jasen, G-abrielli, Jones and Wachtleb concur with Judge Burke; Judge Bbeitel concurs in a separate opinion in which Judges Jasen, Gabrielli, Jones and Wachtleb also concur.
Order reversed, etc.